I'm Tom Gable. I'm the first assistant for the office of the Federal Public Defender for the Southern District of Illinois. After reviewing my brief, your honor, I'm going to stand on the brief subject of your questions. Well, I don't know that we have a whole lot of questions that you're done. Thank you. Mr. Bierschbach. Good morning, your honors. May it please the court, counsel. My name is Nick Bierschbach, and I'm an assistant U.S. attorney in the Southern District of Illinois, and I represent the appellee of the United States in this case. Similar to Mr. Gable, I feel like my brief makes the arguments that I want to make, so I'm not going to rehash all of them here. I will make a couple of points, though. But before I begin with those, just suffice it to say, the arguments in my brief support the district court's decision that Mr. Davis, the defendant's previous conviction for Illinois attempted armed robbery, it does in fact constitute a crime of violence under 4B1.2a. And for that reason, I'd ask that the court would affirm that decision. Because robbery is listed and attempt is listed. Correct. That's one reason. That's sort of the end of the story here. That's the end of the story. You look at U.S. v. Andrews, it's pretty cut and dry. I think it's also pretty cut and dry under the force clause as well, given Chigoya Morales and this court's opinion in Bedell. I don't think going any further into some of those points is required by me. One point I do want to make, though, and this is the one point that I had mentioned earlier that I would go into, is that I believe that the standard of review here is, in fact, given the argument that was made to the district court, which was basically an argument that would have been made in the context of an ACCA argument, whereas here we're talking about the guidelines 4B1.2a. And as Your Honor just mentioned, there is a specific notation in the notes or the comments to 4B1.2a that says, So unless the court has any further questions for me, I'll rest on my briefs. All right. Thank you. Anything further? No, Your Honor. Apparently not. Thank you. Thank you, Your Honor. Thank you. Have a safe trip back. Thank you. Thank you. And our final case this morning.